UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael Metcalf

   v.                                                Civil No. 23-cv-291-LM-AJ

Warden, FCI Berlin

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), whose projected date of release is November 22, 2023, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) and a filing entitled, "Response to Court Order by United States Magistrate Judge Andrea K. Johnstone" (Doc. No. 4), which this court construes as an addendum to the petition. The petition and that addendum are before this court for preliminary review. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); LR 4.3(d)(4)(A); see also § 2254 Rule 1(b) (§ 2254 Rules may apply to § 2241 petitions).

**§ 2254 Rule 4 Standard**

Pursuant to § 2254 Rule 4, a federal judge must screen § 2241 petitions and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id.; see

also 28 U.S.C. § 2243; McFarland v. Scott, 512 U.S. 849, 856 (1994) (courts "are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). In conducting its § 2254 Rule 4 review, the court construes pro se filings liberally. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

Petitioner contends that the Federal Bureau of Prisons ("BOP"), in calculating his projected release date, has refused to apply all of the "time credits" he has earned under the First Step Act ("FSA") to his sentence, due to his "PATTERN" score of medium or high.[1] Petitioner asserts that the BOP's failure to apply his time credits is contrary to the mandates of the FSA, and that if his time credits were applied, he would be eligible for prerelease custody or supervised release prior to the date calculated by the BOP.

The petitioner acknowledges that his PATTERN score is not low or minimum at this time. The FCI Berlin Warden denied his request for application of earned time credits in April 2023, citing his

---

[1] PATTERN is an acronym for "Prisoner Assessment Tool Targeting Estimated Risk and Needs." Walsh v. Boncher, No. 22-cv-11197-DLC, 2023 U.S. Dist. LEXIS 10812, at *2 n.1, 2023 WL 363591, at *1 n.1 (D. Mass. Jan. 23, 2023) (citation and quotation marks omitted). "[A] PATTERN risk score . . . measures an inmate's 'criminal risk factors . . . to predict the likelihood that a person in federal prison will re-offend upon release.'" Id., 2023 U.S. Dist. LEXIS 10812, at *2, 2023 WL 363591, at *1 (citation omitted). "The four PATTERN risk scores are minimum, low, medium, and high-risk." Id.

high PATTERN score and February 2023 prison disciplinary conviction. The petitioner asserts that he is in the process of challenging that disciplinary record through the BOP administrative remedy process.

The petitioner further asserts he was unable to participate in programs or courses to lower his PATTERN score for a substantial period of time during the pandemic because of COVID restrictions at facilities where he was housed, and because he spent six months on a court writ in 2022. The petitioner further asserts that he has made substantial progress towards lowering his PATTERN score, but lacks enough time to bring his score into the low or minimum range before his release date.

## Discussion

The FSA generally renders a prisoner ineligible for early transfer to supervised release if his or her most recent PATTERN score is medium or high, and similarly precludes early placement in prerelease custody if the prisoner's two most recent PATTERN scores are medium or high, unless the Warden has approved the prisoner's petition for transfer to prerelease custody or supervised release. See 18 U.S.C. § 3624(g)(1)(D)(i)-(ii); 28 C.F.R. § 523.44(c)-(d); Goodman v. Sage, No. 4:22-CV-00981, 2022 U.S. Dist. LEXIS 233946, at *4, 2022 WL 18028148, at *2 (M.D. Pa. Dec. 30, 2022); see also Delgado v. Barraza, No. 3:23-cv-881, 2023 U.S. Dist. LEXIS 123183, at *8-9, 2023 WL 4553380, at *3 (M.D. Pa. July 14, 2023) ("Inmates

3

who are eligible for FSA time credits can accrue credits, but they cannot be applied until the inmate has earned a low or minimum recidivism risk," unless the Warden approves the prisoner's transfer petition).

The Warden denied the petitioner's transfer petition in April 2023. And the petitioner signed a pleading (Doc. No. 4) in June 2023, which was docketed in August 2023, acknowledging that his PATTERN score was medium or high and concluding that he did not have enough time left in his sentence to reduce his PATTERN score into the minimum or low range.

It thus appears on the face of the petition and its addendum that the petitioner's FSA claims lack merit. Accordingly, the district judge should dismiss the petition, and this case should be closed.

## Conclusion

For the foregoing reasons, the petition should be dismissed, and this case should be closed. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Only those issues raised in the written objections are subject to review in the district court, and any issues not preserved by such

objection are precluded on appeal. Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

/s/ Andrea K. Johnstone
Andrea K. Johnstone
United States Magistrate Judge

October 2, 2023

cc: Michael Metcalf, pro se